**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **FANNIE MAE**,<br>Midtown Center, 1100 15th Street NW,<br>Washington, DC 20005 | CIVIL ACTION<br><br>Case No.: 2: 25-cv-76 |
| Plaintiff,<br>v. | |
| **SAR PALAZZO OHIO, LLC,**<br>3001 West Hallandale Beach Blvd, #300,<br>Pembroke Park, FL 33009 | |
| **SAR PALAZZO OHIO 3, LLC,**<br>3001 West Hallandale Beach Blvd, #300,<br>Pembroke Park, FL 33009 | |
| **SAR PALAZZO OHIO 4, LLC**<br>3001 West Hallandale Beach Blvd, #300,<br>Pembroke Park, FL 33009 | |
| **LAWNMAX USA LLC**<br>2175 Kingsley Avenue #213,<br>Orange Park, FL 32073 | |
| **GARVER ASSET PROTECTION, LLC**<br>22 Valley View Drive SE,<br>Heath, OH 43056 | |
| **9D BOBALOES LLC DBA MIGHTY DOG<br>ROOFING OF COLUMBUS WEST**<br>2041 Riverside Drive, Suite 101,<br>Columbus, OH 43229 | |
| **STEALTH MONITORING INC.**<br>15182 Marsh Land,<br>Addison, TX 75001 | |
| **PROFESSIONAL GUTTER & DRAIN<br>LTD.**<br>1605 Buckeye Park Rd.,<br>Columbus, OH 43207 | |

**OHIO HEATING & REFRIGERATION**
1624 Clara St.
Columbus, OH 43207

**K KERN PAINTING, LLC**
211 N Reynolds Road,
Toledo, OH 43615

and

**INTEGRATED PROTECTION
SERVICES, INC.**
5303 Lester Road,
Cincinnati, OH 45213

               Defendants.

## COMPLAINT FOR MONEY JUDGMENT, IN MORTGAGE FORECLOSURE, AND FOR APPOINTMENT OF A RECEIVER

Plaintiff Fannie Mae ("Plaintiff"), through its undersigned counsel, commences this action (i) for money judgment, (ii) in mortgage foreclosure, and (iii) for the appointment of a receiver against SAR Palazzo Ohio, LLC; SAR Palazzo Ohio 3, LLC; and, SAR Palazzo Ohio 4, LLC (each a "Borrower-Defendant" and collectively, "Borrower-Defendants"), and in support hereof, avers as follows:

## INTRODUCTION

1. This is an action for money judgment, to foreclose on three commercial mortgages (together, the "Mortgages") secured by real property located in Columbus, Ohio (together, the "Properties")[1], and for the appointment of a receiver. Plaintiff holds mortgages on each of the Properties, which secure loans, which have been in payment default since November of 2024.[2]

2. Borrower-Defendants have failed to make the required payments under the Loan Documents (as defined herein). The Loan Agreements (as defined herein) require the Borrower-Defendants to make certain Monthly Debt Service Payments. The Borrower-Defendants' failure to make any of the required Monthly Debt Service Payments constitute an Event of Default under the Loan Documents.

3. Following an Event of Default, Plaintiff's remedies under the Loan Documents include the appointment of a receiver to protect the Properties and the foreclosure of Fannie Mae's senior security interests. Because of the Borrower-Defendants' non-payment of the Monthly Debt Service Payments, Plaintiff is concerned that the Borrower-Defendants lack sufficient capital to protect and maintain the Properties. Indeed, not only is Plaintiff seeking to foreclose on the Properties and obtain the appointment of a receiver, but the City of Columbus has also filed renewed litigation against the Borrower-Defendants for, among other reasons, the Borrower-Defendants' failure to comply with applicable city building codes.

---

[1] The addresses of the Properties are: 2300 Fitzroy Place S, Columbus, Ohio 43224; 4388 Walford Street, Columbus, Ohio 43224; and 1980 Belcher Drive, Columbus, Ohio 43224.

[2] The non-Borrower-Defendant defendants are named as defendants as they claim a junior interest in the Properties.

## PARTIES

### A. The Plaintiff

4.     Plaintiff Fannie Mae is a federally chartered corporation organized and existing under the laws of the United States.  Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue.  12 U.S.C. § 1717(a)(2)(B).

5.     Plaintiff is the current owner and holder of the Loan Documents (as such term is defined herein) referenced in this Complaint.  Fannie Mae is a government-sponsored enterprise and a federally chartered entity that Congress created to enhance the nation's housing-finance market.  Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing.  Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("FHFA"), which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises including Fannie Mae.  *See* 12 U.S.C. § 4511 *et seq*.  Among other powers, Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain, statutorily defined conditions, which the Director did in 2008.  As Conservator, FHFA has broad statutory powers, including the powers to preserve and conserve Fannie Mae's assets and property, and to collect obligations due Fannie Mae.  FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law.  *See, e.g.*, 12 U.S.C. § 4617(f).

### B. The Defendants

6.     SAR Palazzo Ohio, LLC ("SAR Palazzo Ohio") is a Florida limited liability company organized and existing under the laws of the State of Florida, having an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009.  The members of SAR Palazzo

Ohio are SAR Apartment Capital, LLC ("SAR Apartment Capital"), Abiel Ballesteros, Sam Jazayri, and Rene Sanchez. Abiel Ballesteros is an individual and resident of the State of Florida with an address at 5805 Blue Lagoon Dr. #178, Miami, FL 33126. Sam Jazayri is an individual and resident of the State of Florida with an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. Rene Sanchez is an individual and resident of the State of Florida with an address at 13190 SW 134th Street #103, Miami, FL 33186. SAR Apartment Capital is a Florida limited liability company organized and existing under the laws of the State of Florida, having an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. The members of SAR Apartment Capital are Abiel Ballesteros, Sam Jazayri, and Rene Sanchez, and because Abiel Ballesteros, Sam Jazayri, and Rene Sanchez are all residents of the State of Florida, SAR Apartment Capital is a resident of the State of Florida. Because the members of SAR Palazzo Ohio are all residents of the State of Florida, SAR Palazzo Ohio is a resident of the State of Florida.

7. SAR Palazzo Ohio 3, LLC ("SAR Palazzo Ohio 3") is a Florida limited liability company organized and existing under the laws of the State of Florida, having an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. The members of SAR Palazzo Ohio 3 are SAR Apartment Capital, Abiel Ballesteros, Sam Jazayri, and Rene Sanchez. Abiel Ballesteros is an individual and resident of the State of Florida with an address at 5805 Blue Lagoon Dr. #178, Miami, FL 33126. Sam Jazayri is an individual and resident of the State of Florida with an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. Rene Sanchez is an individual and resident of the State of Florida with an address at 13190 SW 134th Street #103, Miami, FL 33186. SAR Apartment Capital is a Florida limited liability company organized and existing under the laws of the State of Florida, having an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. The members of SAR Apartment

Capital are Abiel Ballesteros, Sam Jazayri, and Rene Sanchez, and because Abiel Ballesteros, Sam Jazayri, and Rene Sanchez are all residents of the State of Florida, SAR Apartment Capital is a resident of the State of Florida. Because the members of SAR Palazzo Ohio 3 are all residents of the State of Florida, SAR Palazzo Ohio 3 is a resident of the State of Florida.

8. SAR Palazzo Ohio 4, LLC ("SAR Palazzo Ohio 4") is a Florida limited liability company organized and existing under the laws of the State of Florida, having an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. The members of SAR Palazzo Ohio 4 are SAR Apartment Capital, Abiel Ballesteros, Sam Jazayri, and Rene Sanchez. Abiel Ballesteros is an individual and resident of the State of Florida with an address at 5805 Blue Lagoon Dr. #178, Miami, FL 33126. Sam Jazayri is an individual and resident of the State of Florida with an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. Rene Sanchez is an individual and resident of the State of Florida with an address at 13190 SW 134th Street #103, Miami, FL 33186. SAR Apartment Capital is a Florida limited liability company organized and existing under the laws of the State of Florida, having an address at 3001 West Hallandale Beach Blvd, #300, Pembroke Park, FL 33009. The members of SAR Apartment Capital are Abiel Ballesteros, Sam Jazayri, and Rene Sanchez, and because Abiel Ballesteros, Sam Jazayri, and Rene Sanchez are all residents of the State of Florida, SAR Apartment Capital is a resident of the State of Florida. Because the members of SAR Palazzo Ohio 4 are all residents of the State of Florida, SAR Palazzo Ohio 4 is a resident of the State of Florida.

9. Through information and belief, LawnMax USA, LLC ("LawnMax") is a Florida limited liability company with its principal place of business at 2175 Kingsley Avenue #213, Orange Park, FL 32073. LawnMax is named as a Defendant as it claims a junior interest in the Properties.

10. Garver Asset Protection LLC ("Garver") is an Ohio limited liability company with its principal place of business at 103 East Walnut St., Pleasantville, OH 43148. Garver is named as a Defendant as it claims a junior interest in the Properties.

11. 9D Bobaloes LLC DBA Mighty Dog Roofing of Columbus West ("Mighty Dog") is an Ohio limited liability company with its principal place of business at 2041 Riverside Drive, Suite 101, Columbus, OH 43229. Mighty Dog is named as a Defendant as it claims a junior interest in the Properties.

12. Stealth Monitoring Inc. ("Stealth") is a Texas corporation with its principal place of business at 15182 Marsh Land, Addison, TX 75001. Stealth is named as a Defendant as it claims a junior interest in the Properties.

13. Professional Gutter & Drain Ltd. ("Gutter") is an Ohio limited liability company with its principal place of business at 1605 Buckeye Park Rd., Columbus, OH 43207. Gutter is named as a Defendant as it claims a junior interest in the Properties.

14. Ohio Heating & Refrigeration ("Ohio Heating") is the registered trade name of Sam Goldstein Norman with a principal place of business at 1624 Clara St., Columbus, OH 43207. Ohio Heating is named as a Defendant as it claims a junior interest in the Properties.

15. K Kern Painting, LLC ("K Kern") is an Ohio limited liability company with its principal place of business at 211 N. Reynolds Road, Toledo, OH 43615. K Kern is named as a Defendant as it claims a junior interest in the Properties.

16. Integrated Protection Services, Inc. ("Integrated") is an Ohio corporation with its principal place of business at 5303 Lester Road, Cincinnati, OH 45213. Integrated is named as a Defendant as it claims a junior interest in the Properties.

17. As a result, Borrower-Defendants are not citizens of the District of Columbia because their members are not citizens of the District of Columbia.

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the action is between citizens of different states.

19. For purposes of diversity jurisdiction, Plaintiff is a citizen of Washington, D.C. 12 U.S.C. § 1717(a)(2)(B).

20. For purposes of diversity jurisdiction, Borrower-Defendants are not citizens of Washington, D.C. because none of their members are citizens of Washington, D.C.

21. This Court has personal jurisdiction over the Borrower-Defendants because, *inter alia*, Borrower-Defendants agreed to submit to personal jurisdiction in the federal and state courts in the State of Ohio according to the terms of the Loan Documents (as defined herein).

22. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the real properties that are the subject of this action are situated in this district. Moreover, pursuant to Section 12 of the Loan Agreements (as defined below) the Borrower-Defendants consented to jurisdiction and venue in this Court.

## FACTS

**A.    The Mortgages, Loan Documents, and Loan Assignments to Plaintiff**

23. Each mortgage loan for the Properties is governed by certain loan documents, as described below. The terms of these loan documents are all substantially identical to one another. Collectively, these Notes, Loan Agreements, Mortgage Agreements, Guaranties, and all attachments thereto and assignments thereof are referred to as the "Loan Documents."

24. The financial terms of each mortgage loan are spelled out in the Schedules to each Loan Agreement.

25. Each mortgage loan is guaranteed by Abiel Ballesteros ("Ballesteros"), Rene Sanchez ("Sanchez"), and Sam Jazayri ("Jazayri") (together, Ballesteros, Sanchez, and Jazayri are referred to herein as the "Guarantor").

26. SAR Palazzo Ohio owes an outstanding principal sum of $7,096,000.00 on its mortgage loan; SAR Palazzo Ohio 3 owes an outstanding principal sum of $4,851,000.00 on its mortgage loan; and SAR Palazzo Ohio 4 owes an outstanding principal sum of $2,361,000.00 on its mortgage loan.

27. Collectively, the mortgage loans currently total $14,308,000.00 in outstanding principal indebtedness due to Plaintiff.

### (i) *SAR Palazzo Ohio, LLC*

28. On August 30, 2018, Arbor Commercial Funding I, LLC, as original lender ("Original Lender"), loaned $7,096,000.00 (the "Tall Oaks Loan") to Tall Oaks Realty, LLC ("Prior Borrower Tall Oaks") pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (as amended and restated thereafter, the "Tall Oaks Loan Agreement") and related Tall Oaks Loan Documents (as defined herein). A true and correct copy of the Tall Oaks Loan Agreement, including the July 25, 2022 amendment, is attached hereto as **Exhibit 1** and incorporated by reference herein.

29. The Tall Oaks Loan is evidenced by a Multifamily Note (the "Tall Oaks Note"), dated September August 30, 2018. A true and correct copy of the Tall Oaks Note is attached hereto as **Exhibit 2** and incorporated by reference herein.

30. The Tall Oaks Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Tall Oaks Mortgage") granted by Borrower-Defendant Tall Oaks to Original Lender, dated August 30,

2018, and made effective as of August 30, 2018.  That Tall Oaks Mortgage was recorded on September 6, 2018, with the Franklin County Clerk/Register's Office (the "Register's Office") at Document ID: 201809060120610, and encumbers the property located at 2300 Fitzroy Place S, Columbus, Ohio 43224, as more particularly described therein (the "Tall Oaks Mortgaged Property").  A true and correct copy of the Tall Oaks Mortgage is attached hereto as **Exhibit 3** and incorporated by reference herein.

31.     The Tall Oaks Mortgage also constitutes a security agreement with respect to the personal property, *see* Tall Oaks Mortgage, Section 2, and, because the Tall Oaks Mortgage was recorded on September 6, 2018, constitutes "fixture filing[s]" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Ohio.  *See* O.R.C Ann. § 1309.334.

32.     Original Lender assigned Plaintiff all right, title, and interest in and to the Tall Oaks Mortgage pursuant to the Assignment of Security Instrument (the "Tall Oaks Mortgage Assignment"), dated August 30, 2018.  A true and correct copy of the Tall Oaks Mortgage Assignment is attached hereto as **Exhibit 4** and incorporated by reference herein.

33.     The Tall Oaks Mortgaged Property encumbered by the Tall Oaks Mortgage is described more particularly in **Exhibit 5** attached hereto and incorporated by reference herein.

34.     On July 25, 2022, Prior Borrower Tall Oaks entered into an Assumption and Release Agreement (the "SAR Palazzo Ohio Assumption and Release") with SAR Palazzo Ohio and Guarantor by which Prior Borrower assigned, and SAR Palazzo Ohio assumed, all of the payment and performance obligations under the Tall Oaks Loan Documents.  A true and correct copy of the SAR Palazzo Ohio Assumption and Release is attached hereto as **Exhibit 6.**

35.     Guarantor, as individuals, executed and delivered to Plaintiff that certain Guaranty of Non-Recourse Obligations (the "Tall Oaks Guaranty"), dated July 25, 2022, pursuant

to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Tall Oaks Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Tall Oaks Guaranty. A true and correct copy of the Tall Oaks Guaranty is attached hereto as **Exhibit 7** and incorporated by reference herein.

36. The Tall Oaks Note is further secured by the UCC-1 Financing Statement duly filed with the State of Florida's Division of Corporations on August 2, 2022, at Instrument Number 202202505705 (the "Tall Oaks Financing Statement"). A true and correct copy of the Tall Oaks Financing Statement is attached hereto as **Exhibit 8** and incorporated by reference herein.

37. The Tall Oaks Note, the Tall Oaks Mortgage, the Tall Oaks Guaranty, and all such other documents executed by the Obligors to secure the Tall Oaks Note are referred collectively as the "Tall Oaks Loan Documents."

38. In accordance with section 9-604 of the Uniform Commercial Code as adopted in Ohio, because the Tall Oaks Mortgage covers both personal and real property, Plaintiff may proceed as to both the personal property and the real property in accordance with the rights with respect to the real property. *See* O.R.C Ann. § 1309.604.

39. The personal property in which SAR Palazzo Ohio granted the Lender a security interest is identified in the Tall Oaks Mortgage. *See* Tall Oaks Mortgage, pp. 7-8.

40. In accordance with O.R.C Ann. § 2329.191, a title commitment is attached hereto as **Exhibit 9** and incorporated by reference herein.

*(ii)*     ***SAR Palazzo Ohio 3, LLC***

41. On August 30, 2018, Original Lender, loaned $4,851,000.00 (the "Winterwood Apartments Loan") to Winterwood Management, LLC ("Prior Borrower

Winterwood Management") pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (as amended and restated thereafter, the "Winterwood Apartments Loan Agreement") and related Winterwood Apartments Loan Documents (as defined herein). A true and correct copy of the Winterwood Apartments Loan Agreement, including the July 25, 2022 amendment, is attached hereto as **Exhibit 10** and incorporated by reference herein.

42.     The Winterwood Apartments Loan is evidenced by a Multifamily Note (the "Winterwood Apartments Note"), dated August 30, 2018. A true and correct copy of the Winterwood Apartments Note is attached hereto as **Exhibit 11** and incorporated by reference herein.

43.     The Winterwood Apartments Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Winterwood Apartments Mortgage") granted by Borrower-Defendant Winterwood Apartments to Original Lender, dated August 30, 2018, and made effective as of August 30, 2018. That Winterwood Apartments was recorded on September 6, 2018, with the Franklin County Clerk/Register's Office (the "Register's Office") at Document ID: 201809060120606, and encumbers the property located at 4388 Walford Street, Columbus, Ohio 43224, as more particularly described therein (the "Winterwood Apartments Mortgaged Property"). A true and correct copy of the Winterwood Apartments Mortgage is attached hereto as **Exhibit 12** and incorporated by reference herein.

44.     The Winterwood Apartments Mortgage also constitutes a security agreement with respect to the personal property, *see* Winterwood Apartments Mortgage, Section 2, and, because the Winterwood Apartments Mortgage was recorded on September 6, 2018,

constitutes "fixture filing[s]" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Ohio. *See* O.R.C Ann. § 1309.334.

45.     Original Lender assigned Plaintiff all right, title, and interest in and to the Winterwood Apartments Mortgage pursuant to the Assignment of Security Instrument (the "Winterwood Apartments Mortgage Assignment"), dated August 30, 2018. A true and correct copy of the Winterwood Apartments Mortgage Assignment is attached hereto as **Exhibit 13** and incorporated by reference herein.

46.     The Winterwood Apartments Mortgaged Property encumbered by the Winterwood Management Mortgage is described more particularly in **Exhibit 14** attached hereto and incorporated by reference herein.

47.     On July 25, 2022, Prior Borrower Winterwood Management entered into an Assumption and Release Agreement (the "SAR Palazzo Ohio 3 Assumption and Release") with SAR Palazzo Ohio 3 and Guarantor by which Prior Borrower Winterwood Management assigned, and SAR Palazzo Ohio 3 assumed, all of the payment and performance obligations under the Winterwood Apartments Loan Documents. A true and correct copy of the SAR Palazzo Ohio 3 Assumption and Release is attached hereto as **Exhibit 15.**

48.     Guarantor, as individuals, executed and delivered to Plaintiff that certain Guaranty of Non-Recourse Obligations (the "Winterwood Apartments Guaranty"), dated July 25, 2022, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Winterwood Apartments Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Winterwood Apartments Guaranty. A true and correct copy of the Winterwood Apartments Guaranty is attached hereto as **Exhibit 16** and incorporated by reference herein.

49.     The Winterwood Apartments Note is further secured by the UCC-1 Financing Statement duly filed with the State of Florida's Division of Corporations on August 2, 2022, at Instrument Number 20220250557x (the "Winterwood Apartments Financing Statement"). A true and correct copy of the Winterwood Apartments Financing Statement is attached hereto as **Exhibit 17** and incorporated by reference herein.

50.     The Winterwood Apartments Note, the Winterwood Apartments Mortgage, the Winterwood Apartments Guaranty, and all such other documents executed by the Obligors to secure the Winterwood Apartments Note are referred collectively to as the "Winterwood Apartments Loan Documents."

51.     In accordance with section 9-604 of the Uniform Commercial Code as adopted in Ohio, because the Winterwood Apartments Mortgage covers both personal and real property, Plaintiff may proceed as to both the personal property and the real property in accordance with the rights with respect to the real property. *See* O.R.C Ann. § 1309.604.

52.     The personal property in which SAR Palazzo Ohio 3 granted the Lender a security interest is identified in the Winterwood Apartments Mortgage. *See* Winterwood Apartments Mortgage, pp. 7-8.

53.     In accordance with O.R.C Ann. § 2329.191, a title commitment is attached hereto as **Exhibit 18** and incorporated by reference herein.

### (iii)     *SAR Palazzo Ohio 4, LLC*

54.     On August 30, 2018, Original Lender, loaned $2,361,000.00 (the "Winterwood Gardens Loan") to Winterwood Gardens, LLC ("Prior Borrower Winterwood Gardens") pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (as amended and restated thereafter, the "Winterwood Gardens Loan Agreement") and related

Winterwood Gardens Loan Documents (as defined herein). A true and correct copy of the Winterwood Gardens Loan Agreement, including the July 25, 2022 amendment, is attached hereto as **Exhibit 19** and incorporated by reference herein.

55. The Winterwood Gardens Loan is evidenced by a Multifamily Note (the "Winterwood Gardens Note"), dated August 30, 2018. A true and correct copy of the Winterwood Gardens Note is attached hereto as **Exhibit 20** and incorporated by reference herein.

56. The Winterwood Gardens Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Winterwood Gardens Mortgage") granted by Borrower-Defendant Winterwood Gardens to Original Lender, dated August 30, 2018, and made effective as of August 30, 2018. That Winterwood Gardens Mortgage was recorded on September 6, 2018, with the Franklin County Clerk/Register's Office (the "Register's Office") at Document ID: 201809060120616, and encumbers the property located at 1980 Belcher Drive, Columbus, Ohio 43224, as more particularly described therein (the "Winterwood Gardens Mortgaged Property"). A true and correct copy of the Winterwood Gardens Mortgage is attached hereto as **Exhibit 21** and incorporated by reference herein.

57. The Winterwood Gardens Mortgage also constitutes a security agreement with respect to the personal property, *see* Winterwood Gardens Mortgage, Section 2, and, because Winterwood Gardens Mortgage was recorded on September 6, 2018, constitutes "fixture filing[s]" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Ohio. *See* O.R.C Ann. § 1309.334.

58. Original Lender assigned Plaintiff all right, title, and interest in and to the Winterwood Gardens Mortgage pursuant to the Assignment of Security Instrument (the

"Winterwood Gardens Mortgage Assignment"), dated August 30, 2018.  A true and correct copy of the Winterwood Gardens Mortgage Assignment is attached hereto as **Exhibit 22** and incorporated by reference herein.

59.     The Winterwood Gardens Mortgaged Property encumbered by the Winterwood Gardens Mortgage is described more particularly in **Exhibit 23** attached hereto and incorporated by reference herein.

60.     On July 24, 2022, Prior Borrower Winterwood Gardens entered into an Assumption and Release Agreement (the "SAR Palazzo Ohio 4, Assumption and Release") with SAR Palazzo Ohio 4 and Guarantor by which Prior Borrower Winterwood Gardens assigned, and SAR Palazzo Ohio 4 assumed, all of the payment and performance obligations under the Winterwood Gardens Loan Documents.  A true and correct copy of the SAR Palazzo Ohio 4 Assumption and Release is attached hereto as **Exhibit 24**.

61.     Guarantor, as individuals, executed and delivered to Plaintiff that certain Guaranty of Non-Recourse Obligations (the "Winterwood Gardens Guaranty"), dated July 25, 2022, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Winterwood Gardens Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Winterwood Gardens Guaranty.  A true and correct copy of the Winterwood Gardens Guaranty is attached hereto as **Exhibit 25** and incorporated by reference herein.

62.     The Winterwood Gardens Note is further secured by the UCC-1 Financing Statement duly filed with the State of Florida's Division of Corporations on August 2, 2022, at Instrument Number 202202505060 (the "Winterwood Gardens Financing Statement").  A true and

correct copy of the Winterwood Gardens Financing Statement is attached hereto as **Exhibit 26** and incorporated by reference herein.

63. The Winterwood Gardens Note, the Winterwood Gardens Mortgage, the Winterwood Gardens Guaranty, and all such other documents executed by the Obligors to secure the Winterwood Gardens Note are referred collectively to as the "Winterwood Gardens Loan Documents."

64. In accordance with section 9-604 of the Uniform Commercial Code as adopted in Ohio, because the Winterwood Gardens Mortgage covers both personal and real property, Plaintiff may proceed as to both the personal property and the real property in accordance with the rights with respect to the real property. *See* O.R.C Ann. § 1309.604.

65. The personal property in which SAR Palazzo Ohio 4 granted the Lender a security interest is identified in the Winterwood Gardens Mortgage. *See* Winterwood Gardens Mortgage, pp. 7-8.

66. In accordance with O.R.C Ann. § 2329.191, a title commitment is attached hereto as **Exhibit 27** and incorporated by reference herein.

**B.     Defaults, Fees, and Remedies, Including Foreclosure, Under the Loan Documents**

67. Under Section 14.01(a)(1) of the Loan Agreements, any failure by a Borrower-Defendants to pay or deposit when due any amount required by the Notes, the Mortgage Agreements, or any other Loan Document is deemed an automatic "Event of Default." *See* Exhibits 1, 10, 19. This includes failure to pay any Monthly Debt Service Payment (as defined below) or failure to replenish the Replacement Reserve Account Funds (as defined below).

68. Pursuant to Section § 2.02(a)(3) of the Loan Agreements, the Borrower-Defendants are required to make Monthly Debt Service Payments (comprised of either

interest only or principal and interest, depending on the amortization type), each in the amount of the applicable "Monthly Debt Service Payment." *See id*.

69.     Under Section 2.02(d)(1)(A) of the Loan Agreements, if any principal, interest, or other indebtedness due under the Loan Documents remains past due for thirty (30) days or more, then interest on such unpaid amount(s) shall accrue from the date payment is due at the "Default Rate." *See id*. The Default Rate is defined in the Loan Agreements to be the lesser of "the sum of the Interest Rate plus four (4) percentage points" or "the maximum interest rate which may be collected from Borrower under applicable law." *See id*., Schedule 1.

70.     Additionally, under Section 2.02(c) of the Loan Agreements, if any amount payable under the Loan Agreements is not received by Lender within ten days of the due date, the Borrower-Defendants are required to pay Lender a late charge. *Id*. The late charge is payable in addition to, and not in lieu of, any interest payable at the Default Rate. *Id*.

71.     In addition, under Section 13.02(a)(4), Plaintiff may provide written notice to Defendant-Borrowers that additional funds are required to be deposited into the Replacement Reserve Account or the Repairs Escrow Account (the "Replacement Reserve Account Funds") if Plaintiff determines that the amounts on deposit are not sufficient to cover the costs of Additional Lender Repairs and Additional Lender Replacements. *See id.*[3]

72.     Pursuant to Section 3 of the Notes and Sections 1 and 3 of the Mortgages, an Event of Default under the Loan Agreements is an Event of Default under the Notes and Mortgages. *See* Exhibits 2, 11, 20; Exhibits 3, 12, 21.

73.     Pursuant to Section 14.02(a) of the Loan Agreements and Section 5 of the

---

[3] Additionally, under Section 6.02(b) of the Loan Agreements, Defendant-Borrowers must keep the property in good repair and marketable condition. *See id*. Pursuant to Section 6.03(c) Plaintiff is permitted to obtain a property condition assessment of property at Defendant-Borrowers' expense. *See id*.

Mortgages, Plaintiff has the right to foreclose on the Mortgages and to obtain an order directing the sale of the Mortgaged Properties to satisfy the indebtedness it is owed. *See* Exhibits 1, 10, 19; Exhibits 3, 12, 21.

74. Pursuant to Section 4 of the Mortgages, Plaintiff may recover, *inter alia*, its out-of-pocket expenses incurred as part of protecting its interests in the Properties. *See* Exhibits 3, 12, 21.

75. The Mortgages provide the following remedies (among others) to Plaintiff:

a. Pursuant to Section 5(a) of the Mortgages, Plaintiff may foreclose on the Properties. *See id*.

b. Pursuant to Section 3(e) of the Mortgages, Plaintiff may seek the appointment of a receiver over the Mortgaged Properties as a matter of right, without consideration of the value of the Mortgaged Properties, **without the necessity of giving prior notice (oral or written) to Borrower(s)**. *See id.* (emphasis added).

## C. Failures to Make Monthly Payments Due and Events of Default

76. The Tall Oaks Mortgage, Winterwood Apartments Mortgage, and Winterwood Gardens Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendants' (i) continued failure to timely pay all amounts due under the Loan Documents by failing to make the required Monthly Debt Service Payments for November 2024, and December 2024; and (ii) failure to replenish the Replacement Reserve Account Funds.[4]

77. Without limitation, each Borrower-Defendant has failed to make the required Monthly Debt Service Payments since November 2024. Each of Borrower-Defendants' failures to make a required Monthly Debt Service Payments constitute a separate Event of Default

---

[4] Borrower-Defendants are additionally in default based on the failure to maintain the Mortgaged Property in accordance with the terms of the Loan Documents, including, but not limited to, Article 6 therein, because the Borrower-Defendants have allowed the Properties to fall into disrepair and have not complied with the required repair schedules.

under Section 14.01(a)(1) of the Loan Agreements:

        a.     On November 1, 2024, SAR Palazzo Ohio failed to make the scheduled November 2024 Monthly Debt Service Payment of $31,102.16 by the Payment Date, as required under Tall Oaks Loan Documents. *See* Loan Agreements, § 2.02(a)(3); Schedule 2, p. 4.

        b.     On November 1, 2024, SAR Palazzo Ohio 3 failed to make the scheduled November 2024 Monthly Debt Service Payment of $21,262.20 by the Payment Date, as required under Winterwood Apartment Loan Documents. *See id.*

        c.     On November 1, 2024, SAR Palazzo Ohio 4 failed to make the scheduled November 2024 Monthly Debt Service Payment of $10,348.39 by the Payment Date, as required under Winterwood Gardens Loan Documents. *See id.*

78.     Additionally, Borrower-Defendants have failed to replenish the Replacement Reserve Account Funds as set forth under Section 13.02(a)(4) of the Loan Agreements.

79.     As of January 15, 2025, there is due and owing on the Tall Oaks Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $7,263,274.40, consisting of (i) the unpaid principal amount under the Tall Oaks Note of $7,096,000.00, and (ii) the aggregate accrued, and unpaid interest under the Tall Oaks Note of $167,274.40. Interest continues to accrue at the *per diem* rate of $1,791.74, and pursuant to the Tall Oaks Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Tall Oaks Loan Documents.

80.     As of January 15, 2025, there is due and owing on the Winterwood Apartments Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $4,965,352.89, consisting of (i) the unpaid principal amount under the Winterwood Apartments Note of $4,851,000.00, and (ii) the aggregate accrued, and unpaid interest under the Winterwood Apartments Note of $114,352.89. Interest continues to accrue at the *per diem* rate of $1,224.88, and pursuant to the Winterwood Apartments Loan Documents, fees, costs, expenses, and other

charges continue to accrue, which are part of Plaintiff's total damages claim under the Winterwood Apartments Loan Documents.

81.     As of January 15, 2025, there is due and owing on the Winterwood Gardens Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $2,416,655.98, consisting of (i) the unpaid principal amount under the Winterwood Gardens Note of $2,361,000.00, and (ii) the aggregate accrued, and unpaid interest under the Winterwood Gardens Note of $55,655.98.  Interest continues to accrue at the *per diem* rate of $596.15, and pursuant to the Winterwood Gardens Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Winterwood Gardens Loan Documents.

**D.     Demands for Payment of Loan**

82.     By notice dated November 26, 2024, (the "SAR Palazzo Ohio Notice of Demand"), Plaintiff notified SAR Palazzo Ohio that an Event of Default had occurred.  Plaintiff also accelerated all outstanding principal due under the Tall Oaks Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees.  Plaintiff reserved all rights and remedies available to it under the Tall Oaks Loan Documents, at law, or in equity.  A true and correct copy of the SAR Palazzo Ohio Notice of Demand is attached hereto as **Exhibit 28** and incorporated by reference herein.

83.     By notice dated November 26, 2024, (the "SAR Palazzo Ohio 3 Notice of Demand"), Plaintiff notified Borrower-Defendant that an Event of Default had occurred.  Plaintiff also accelerated all outstanding principal due under the Winterwood Apartments Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees.  Plaintiff reserved all rights and remedies

available to it under the Winterwood Apartments Loan Documents, at law, or in equity.  A true and correct copy of the SAR Palazzo Ohio 3 Notice of Demand is attached hereto as **Exhibit 29** and incorporated by reference herein.

84.     By notice dated November 26, 2024, (the "SAR Palazzo Ohio 4 Notice of Demand"), Plaintiff notified Borrower-Defendant that an Event of Default had occurred.  Plaintiff also accelerated all outstanding principal due under the Winterwood Gardens Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees.  Plaintiff reserved all rights and remedies available to it under the Winterwood Gardens Loan Documents, at law, or in equity.  A true and correct copy of the SAR Palazzo Ohio 4 Notice of Demand is attached hereto as **Exhibit 30** and incorporated by reference herein.

**E.     Remedies and Damages**

85.     As a result of Plaintiff's acceleration of the outstanding principal balance due under the Notes, the entire unpaid balance of the principal, interest, and all other sums under the Loan Documents are immediately due and payable.  As a consequence of these above-stated breaches of the Loan Documents, the entire indebtedness (the "Indebtedness") owed by the Borrower-Defendants and the Guarantor under the Notes and Guaranties are due.

86.     Plaintiff has performed all of the conditions and statutory requirements precedent to the commencement of this action.

87.     Notwithstanding the Notices of Default, Borrower-Defendants have failed to pay in full the amounts owed at maturity or otherwise cure the ongoing Events of Default.

88.     Plaintiff brings this action for money judgment, in mortgage foreclosure, and for the appointment of a receiver without prejudice or waiver of any other rights or remedies existing under the Loan Documents, or any other agreements, or which may be available at law or

in equity.

89.     As of January 15, 2024, there is due and owing collectively on the Loans without defense, deduction, offset, recoupment, or counterclaim the total amount of $14,645,283.27, consisting of (i) the aggregate unpaid principal amount under the Notes of $14,308,000.00, and (ii) the aggregate accrued, and unpaid interest under the Notes of $337,283.27.  Interest continues to accrue, and pursuant to the Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Loan Documents.

### COUNT ONE – MORTGAGE FORECLOSURE

90.     Paragraphs 1 through 89 of this Complaint are incorporated herein by reference.

91.     Plaintiff is the proper party to initiate the instant foreclosure proceeding with respect to the Mortgages.

92.     Borrower-Defendants executed the Notes, which are secured by the Mortgages, in favor of Plaintiff.

93.     Borrower-Defendants have defaulted on their obligations under the Notes, the Mortgages, the Loan Agreements, and the other Loan Documents due to, and without waiving any other defaults that may have occurred, the failure to make the required payments under the Loan Documents.

94.     Plaintiff is authorized by the Mortgages and by Ohio law to foreclose the Mortgages in the event of a default by Borrower-Defendants.

95.     There is due and owing on the Loans the sum of $14,645,283.27, together with accruing default interest, fees, costs, expenses, and other charges under the Loan Documents.

96.     LawnMax is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on October 20, 2020, as Instrument Number 202010200163555, Recorder's Office, Franklin County, OH.

97.     Garver is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on February 9, 2024, as Instrument Number 202402090014089, Recorder's Office, Franklin County, OH.

98.     Mighty Dog is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on March 12, 2024, as Instrument Number 202403120024069, Recorder's Office, Franklin County, OH.

99.     Stealth is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on July 22, 2024, as Instrument Number 202407220072294, Recorder's Office, Franklin County, OH.

100.     Gutter is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on August 6, 2024, as Instrument Number 202408060078928, Recorder's Office, Franklin County, OH.

101.     Ohio Heating is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on August 16, 2024, as Instrument Number 202408160083030, Recorder's Office, Franklin County, OH.

102.     K Kern is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on April 29, 2021, as Instrument Number 202104290076544, Recorder's Office, Franklin County, OH.

103.     Integrated is named as a Defendant as it recorded an Affidavit of Mechanic's Lien against the Properties on August 30, 2024, as Instrument Number

202408300088847, Recorder's Office, Franklin County, OH.

## COUNT TWO – MONEY JUDGMENT

104.   Paragraphs 1 through 103 of this Complaint are incorporated herein by reference.

105.   Plaintiff is the current holder and is in possession of the Notes.

106.   The Notes are in default to, and without waiving any other defaults that may have occurred, Borrower-Defendants' failure to make the required payments under the Loan Documents.

107.   As a result of the default, Plaintiff accelerated the outstanding principal balance due under the Notes, and the entire unpaid balance of the principal, interest, and all other sums are immediately due and payable by Borrower-Defendants.

108.   As of January 15, 2025, the unpaid principal amount under the Notes is $14,308,000.00, and the aggregate accrued, and unpaid interest under the Notes is $337,283.27. The *per diem* interest is $3,612.77.  Fees and expenses also continue to accrue.

## COUNT THREE – APPOINTMENT OF RECEIVER

109.   Paragraphs 1 through 108 of this Complaint are incorporated herein by reference.

110.   Pursuant to Section 3(e) of the Mortgages, upon the occurrence of an Event of Default upon the Mortgage, Plaintiff may seek the appointment of a receiver over the Mortgaged Properties as a matter of right, without consideration of the value of the Mortgaged Properties, without the necessity of giving prior notice (oral or written) to Borrower(s).  *See* Exhibits 3, 12, 21.

111.   Borrower has expressly consented to the appointment of a receiver through

the Mortgages.  *See id.*

112.    The Mortgages expressly entitle Plaintiff to the appointment of a receiver to, among other things, collect rents, and manage and/or operate the Mortgaged Properties.  *See id.*

113.    The Mortgages are in default.

114.    Rule 66 of the Federal Rules of Civil Procedure governs the appointment of a receiver in diversity jurisdiction cases.  Fed. R. Civ. P. 66.

115.    Based upon the foregoing, Plaintiff is entitled to the appointment of a receiver with respect to the Mortgaged Properties.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN ITS FAVOR AND AGAINST THE BORROWER-DEFENDANTS AS FOLLOWS:**

1.    On Count One:

   a.    That the Tall Oaks Mortgage be adjudged a valid lien upon the Tall Oaks Mortgaged Property, and that said lien be foreclosed; and that the Tall Oaks Mortgaged Property be ordered sold and that Plaintiff be paid out of the proceeds of such sale; and for such other relief, legal and equitable, as may be proper and necessary; and that all the other defendants herein be required to set up their liens or interest in the Tall Oaks Mortgaged Property or be forever barred from asserting the same;

   b.    That the Winterwood Apartments Mortgage be adjudged a valid lien upon the Winterwood Apartments Mortgaged Property, and that said lien be foreclosed; and that the Winterwood Apartments Mortgaged Property be ordered sold and that Plaintiff be paid out of the proceeds of such sale; and for such other relief, legal and equitable, as may be proper and necessary; and that all the other defendants herein be required to set up their liens or interest in the Winterwood Apartments Property or be forever

barred from asserting the same; and,

     c. That the Winterwood Gardens Mortgage be adjudged a valid lien upon the Winterwood Gardens Mortgaged Property, and that said lien be foreclosed; and that the Winterwood Gardens Mortgaged Property be ordered sold and that Plaintiff be paid out of the proceeds of such sale; and for such other relief, legal and equitable, as may be proper and necessary; and that all the other defendants herein be required to set up their liens or interest in the Winterwood Gardens Property or be forever barred from asserting the same.

2.     On Count Two:

     a. Judgment against SAR Palazzo Ohio upon the Notes for the full unpaid principal in the amount of $7,096,000.00 and the unpaid interest as of January 15, 2025, in the amount of $167,274.40, which continues to accrue in the *per diem* amount of $1,224.88, plus Plaintiff's attorneys' fees and costs and interest accruing thereon at the Default Rate;

     b. Judgment against SAR Palazzo Ohio 3 upon the Notes for the full unpaid principal in the amount of $4,851,000.00 and the unpaid interest as of January 15, 2025, in the amount of $114,352.89, which continues to accrue in the *per diem* amount of $1,224.88, plus Plaintiff's attorneys' fees and costs and interest accruing thereon at the Default Rate; and,

     c. Judgment against SAR Palazzo Ohio 4 upon the Notes for the full unpaid principal in the amount of $2,361,000.00 and the unpaid interest as of January 15, 2025, in the amount of $55,655.98, which continues to accrue in the *per diem* amount of $596.15, plus Plaintiff's attorneys' fees and costs and interest accruing thereon at the

Default Rate.

3.      On Count 3, that the Court appoint a receiver over the Mortgaged Properties;

4.      On all Counts, for interest, costs, attorney fees, and expenses; and

5.      On all Counts, for all other relief to which the Plaintiff is entitled in law and in equity.

[*Remainder of this page intentionally left blank*]

Dated:  January 30, 2025           Respectfully submitted,

REED SMITH LLP

By:    */s/ Robert Richman*
Robert Richman
OH I.D. No. 0099362
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Email:  rrichman@reedsmith.com

- and -

Jared S. Roach (*pro hac vice* to be filed)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Email:  jroach@reedsmith.com

*Attorneys for Fannie Mae*